**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 15-4636**

———————————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

LINDSEY DALE BOWLING,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.  David A. Faber, Senior District Judge.  (1:14-cr-00151-1)

———————————

Submitted:  May 13, 2016          Decided:  June 10, 2016

———————————

Before KEENAN, DIAZ, and THACKER, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Christian M. Capece, Federal Public Defender, Lex A. Coleman, Assistant Federal Public Defender, Jonathan D. Byrne, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Carol A. Casto, Acting United States Attorney, Larry R. Ellis, Lisa G. Johnston, Assistant United States Attorneys, Charleston, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lindsey Dale Bowling appeals from his 97-month, within-Guidelines sentence imposed pursuant to his guilty plea to possession of child pornography. On appeal, he asserts that his sentence is both procedurally and substantively unreasonable because the district court allegedly treated the Sentencing Guidelines as mandatory, resulting in unwarranted sentencing disparities. We affirm.

We review a sentence for reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Berry, 814 F.3d 192, 194-95 (4th Cir. 2016). In determining procedural reasonableness, we consider, among other factors, whether the district court adequately analyzed the 18 U.S.C. § 3553(a) (2012) factors and sufficiently explained the selected sentence. Gall, 552 U.S. at 51. When a district court has treated the Guidelines range as mandatory, the sentence is procedurally unreasonable and subject to vacatur. See United States v. Mendoza-Mendoza, 597 F.3d 212, 220 (4th Cir. 2010) (remanding when "left only to speculate as to whether the sentence . . . was imposed as a matter of obligation or as an exercise of judgment").

Bowling contends that, by its purported refusal to consider his request for a downward variance from the Sentencing Guidelines, the district court essentially treated the

2

Guidelines as mandatory. We disagree. The district court stated that it was "not bound by" the Guidelines, but would continue to afford the child pornography Guidelines, U.S. Sentencing Guidelines Manual § 2G2.2 (2014), due consideration until either Congress or the Sentencing Commission changed them. The district court did not state that its discretion was limited, or that it wished to impose a different sentence but was unable to do so. Rather, the district court considered the § 3553(a) factors as well as Bowling's request for a variance and, after concluding that this was "one of the most egregious instances that's ever come before me as a judge," determined that a sentence at the top of the Guidelines range was appropriate.* Accordingly, we conclude that the court's refusal to vary was not based upon a misunderstanding as to the advisory nature of the Guidelines and that the sentence was procedurally reasonable.

Bowling next asserts that his sentence was substantively unreasonable because, contrary to the district court's statements, Bowling's case was not one of the most severe child pornography cases in the Southern District of West Virginia.

---

* Given the district court's conclusion regarding the seriousness of Bowling's conduct, we also reject Bowling's argument that the sentence here created a procedurally unreasonable disparity in child pornography sentences in the Southern District of West Virginia.

3

"Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014). Upon review, we conclude that the within-Guidelines sentence was not unreasonable when measured against the § 3553(a) factors and therefore was not substantively unreasonable.

Accordingly, we affirm Bowling's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED